1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

PATRICK NAZEMI, as trustee of the
NAZEMI LIVING TRUST dated
November 13, 1998,

                              Plaintiff,

            v.

WELLS FARGO BANK, N.A., FIRST
AMERICAN LOAN STAR TRUSTEE
SERVICES, LLC, AND DOES 1-25,
inclusive,

                              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 10-05093 DMG (FMOx)

**ORDER TO SHOW CAUSE RE
REMAND TO STATE COURT**

 

On June 9, 2010, Plaintiff filed a complaint in the Los Angeles Superior Court for rescission, accounting, and an injunction.  On July 12, 2010, Defendant Wells Fargo Bank, N.A. ("Defendant") removed the action to this Court on the basis of federal question jurisdiction in light of Plaintiff's fourth cause of action alleging violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and regulations promulgated thereunder.

On July 20, 2010, Plaintiff filed a motion to remand the action to the Los Angeles Superior Court.  In that motion, Plaintiff concedes that Plaintiff's fourth cause of action under TILA is "not viable as it is untimely" and that "Plaintiff cannot prevail on his TILA

-1-

claims."  (Pl.'s Mot. Remand at 4-5.)  On July 28, 2010, Plaintiff filed a first amended complaint, in which Plaintiff removed his TILA claim, thereby eliminating the only federal question that existed in this action.

As a result, the Court has serious questions about whether this case should remain in federal court.  Where no federal claims remain in an action, district courts generally decline to exercise jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c)(e); *see also Carnegie-Melon University v. Cohill*, 484 U.S. 343, 350 n.8, 108 S. Ct. 614, 623, 98 L. Ed. 2d 720 (1988) (where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (*en banc*).

Accordingly, Defendant is hereby ordered to show cause in writing why this action should not be remanded to Los Angeles County Superior Court given the absence of any federal claims in the operative first amended complaint.  Defendants shall file their response to this Order to Show Cause ("OSC") by August 10, 2010.


IT IS SO ORDERED.


DATED:  August 3, 2010

_____
DOLLY M. GEE
United States District Judge