# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK NAZEMI, as trustee of the NAZEMI LIVING TRUST dated November 13, 1998,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., FIRST AMERICAN LOAN STAR TRUSTEE SERVICES, LLC, AND DOES 1-25, inclusive,<br><br>　　　　　　　　　Defendants. | Case No. CV 10-05093 DMG (FMOx)<br><br>**ORDER RE REMAND**<br><br>**JS-6** |

　　　On August 3, 2010, the Court ordered Defendant Wells Fargo Bank, N.A. ("Defendant") to show cause ("OSC") why the action should not be remanded to the Los Angeles County Superior Court given the absence of any federal claims in Plaintiff's first amended complaint. Defendant filed its response on August 10, 2010 and stated that it "has no objection to the Court's remand of this matter to the Los Angeles County Superior Court." (Def.'s Resp. at 2.)

　　　Where no federal claims remain in an action, district courts generally decline to exercise jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(e); *see also Carnegie-Melon University v. Cohill*, 484 U.S. 343, 350 n.8, 108 S. Ct. 614, 623, 98

L. Ed. 2d 720 (1988) (where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"). Here, as no federal claims remain in this action, the Court lacks subject matter jurisdiction. If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

The Court therefore REMANDS this action to the Los Angeles County Superior Court. All previously scheduled hearing dates in this matter are hereby vacated.

IT IS SO ORDERED.

DATED: August 12, 2010

_____
DOLLY M. GEE
United States District Judge